UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MACHERIE TEAHL, on her own behalf
and others similarly situated,

      Plaintiff,

v.                                      Case No:   2:13-cv-833-FtM-38CM

THE LAZY FLAMINGO, INC., LAZY
FLAMINGO 2, INC., LAZY
FLAMINGO 3, INC., LCT
PROPERTIES, INC., LCT
RESTAURANT PARTNERS 4, LLC,
XYZ ENTITIES 1 - 10, LARRY
THOMPSON and RICHARD
MUENCH,

      Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff Macherie Teahl's omnibus motion (Doc. #41) filed on November 21, 2014. Teahl's motion seeks (1) provisional certification under Rule 23 of the Federal Rules of Civil Procedure; (2) provisional certification under 29 U.S.C. § 216(b); (3) preliminary approval of settlement; (4) authorization of notice to the settlement class; and (5) a final fairness hearing. Teahl filed a declaration and exhibits that accompany the motion. (See Doc. #42, et seq.). Pursuant to Local Rule 3.01(g), Defendants The Lazy Flamingo, Inc., Lazy Flamingo 2, Inc., Lazy Flamingo 3, Inc., LCT

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Properties, Inc., LCT Restaurant Partners 4, LLC, XYZ Entities 1-10, Larry Thompson, and Richard Muench (hereinafter "Lazy Flamingo") do not oppose the motion. This motion is ripe for review.

## BACKGROUND

Teahl initiated this action by filing a three-count complaint against Lazy Flamingo on November 26, 2013. (Doc. #1). Teahl was employed by Lazy Flamingo. (Doc. #1, at ¶¶6, 23). Lazy Flamingo paid Teahl an hourly rate. (Doc. #1, at ¶5).

Teahl alleges Lazy Flamingo failed to pay minimum wage to her and all servers and waitperson. (Doc. #1, at 1). Specifically, Teahl alleges all servers were required to share their tips with traditionally non-tipped employees. (Doc. #1, at ¶¶40-41). In addition, Teahl alleges Lazy Flamingo deduced a tip credit of $3.02 per hour from server's salaries. (Doc. #1, at ¶25). As a result of Lazy Flamingo's customary payment practices, Teahl asserts she and others similarly situated were paid below minimum wage.

This litigation seeks to remedy the payment issue. The three counts in the complaint are: violation of the Fair Labor Standard Act (hereinafter "FLSA") for unpaid minimum wages (Count I); violation of the Florida Constitution Article X Section 24 for unpaid minimum wages (Count II); and declaratory relief pursuant to 28 U.S.C. §§ 2201-02 in light of the unpaid minimum wages (Count III). Since the filing of the complaint, two additional individuals, Eileen Gibbard and Jessica Miller, consented to join the litigation. (Doc. #40-1; Doc. #40-2).

Now Teahl, individually and on behalf of others, seeks a provisional certification of this "hybrid" FLSA and Florida Constitution class action, preliminary approval of the parties' proposed class and collective action settlement agreement, (Doc. #42-2),

authorization for notice to the settlement class, and a final fairness hearing. See generally Bennett v. Hayes Robertson Group, Inc., 880 F. Supp. 2d 1270, 1275 (S.D. Fla. 2012) (describing class and collective cases proceeding under Rule 23 and 29 U.S.C. § 216(b) as "hybrid" class actions). The Court will address each request below.

## DISCUSSION

### I. Certification Under Rule 23

#### A. Legal Standard for Rule 23 Certification

District courts are given discretion to certify a class under Rule 23 of the Federal Rules of Civil Procedure. Cooper v. S. Co., 390 F.3d 695, 711 (11th Cir. 2004). The party moving for class certification under Rule 23 has the burden of proof to establish the propriety of the class certification. Busby v. JRHBW Realty, Inc., 513 F.3d 1314, 1322 (11th Cir. 2008) (citing Valley Drug Co. v. Geneva Pharm., Inc., 350 F.3d 1181, 1187 (11th Cir. 2003)). That is, the party seeking certification must have standing and meet each requirement under Rule 23(a) and at least one subsection of Rule 23(b) at the time of certification. Bennett, 880 F. Supp. 2d at 1277 (citing Klay v. Humana, Inc., 382 F.3d 1241, 1250 (11th Cir. 2004); Advisory Committee's Note to Fed. R. Civ. P. 23).

#### B. Analysis

##### 1. *Standing*

Prior to determining whether the proposed class should be certified, the Court must first determine whether Teahl has Article III standing to raise the class claim. Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1279 (11th Cir. 2000). That is, Teahl must have suffered the injury that gives rise to the class claim. Id. at 1280 (citing Griffin v. Dugger, 823 F.2d 1476, 1482 (11th Cir. 1987)). This determination is fact-specific and

typically requires careful judicial examination of the allegations within a complaint to determine if the plaintiff is entitled to adjudication of the claim asserted. Lujan v. Defenders of Wildlife, 504 U.S. 555, 606 (1992) (citation omitted).

The claim at issue for Rule 23 certification is Count II. Count II is an unpaid minimum wage claim brought in violation of the Florida Constitution Article X Section 24. According to the complaint, Teahl was a server at Lazy Flamingo and was not paid minimum wage as required by the Florida Constitution. In light of the factual allegations, the Court finds Teahl has Article III standing to represent a class as it relates to Count II.

### 2. *Class Definition*

Prior to reviewing the Rule 23 requirements, the Court must first determine whether a class exists that can adequately be defined. Bennett, 880 F. Supp. 2d at 1278 (citations omitted). The class definition can be liberally applied but it also may not be vague or difficult to apply. Id. Here, Teahl defines the proposed class as: "All servers who worked at the Lazy Flamingo restaurant located at 1036 Periwinkle Way, Sanibel Island, Florida at any time from November 26, 2008 to October 31, 2014." (Doc. #41, at 7).

Upon consideration, the Court finds the proposed class definition is insufficient. Therefore, certification of the class pursuant to Rule 23 is inappropriate. The term "server" in and of itself is too broad especially in light of the alleged facts in the operative complaint. The term "server" as used here could encompass former employees that are not intended to be a part of the class. See, e.g., id. (similarly situated proposed class definition included servers, hostesses, and bartenders); Kubiak v. S.W. Cowboy, Inc., No. 3:12-cv-1306-J-34JRK, 2014 WL 2625181, at *20 (M.D. Fla. June 12, 2014) (similarly situated proposed class definition included, "server, waiter or waitress (or any other job title performing

essentially the same job function as a Server)"). The Court, for example, is left to question whether Teahl intends the term "server" to include only waiters and waitresses or if bartenders are included in the class as well. In addition, the proposed class definition does not narrowly include employees subject to an invalid tip pool. See Bennett, 880 F. Supp. 2d at 1278 (explaining the proposed class definition was insufficient because it failed to limit the class to "tipped employees who were not informed of the tip credit policy and/or were not able to retain all of their tips by virtue of participating in an invalid tip pool."); cf. Kubiak, 2014 WL 2625181 at *20 (finding a narrow definition that included former employees "who participated in the kitchen tip pool and was paid a reduced minimum wage through the use of a tip credit" to be a sufficient proposed class definition). The current class definition is not narrow enough to manage and administer the class in a feasible way. Consequently, the current class definition is vague and difficult to apply. Class certification pursuant to Rule 23 is inappropriate, at this time.

### 3. Rule 23(a)

To certify a class the moving party must establish the four Rule 23(a) elements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. Fed. R. Civ. P. 23(a); Busby, 513 F.3d at 1321-22.

#### i. Numerosity

To satisfy the numerosity requirement, the proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Eleventh Circuit has noted "generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986) (citing 3B Moore's Federal Practice ¶ 23.05[1] at n.7

(1978)). Moreover, the party seeking class certification does not need to know the "precise number of class members," but instead must make "reasonable estimates with support as to the size of the proposed class." Fuller v. Becker & Poliakoff, P.A., 197 F.R.D. 697, 699 (M.D. Fla. 2000). The moving party is also required to "'show some evidence of or reasonably estimate the number of class members' beyond '[m]ere speculation, bare allegations, and unsupported conclusions.'" Kubiak, 2014 WL 2625181 at *12 (quoting Barlow v. Marion County Hosp. Dist., 88 F.R.D. 619, 625 (M.D. Fla. 1980)).

Here, Teahl asserts there are 66 individuals who may participate in the settlement class. This assertion is supported by a Declaration of Attorney Sam J. Smith. (Doc. #42, at ¶9). Smith's declaration simply states,

> If approved by the Court, the parties' Settlement Agreement will resolve the Florida Minimum Wage Act claims of 66 individuals who worked as servers or bartenders at the Lazy Flamingo restaurant located at 1036 Periwinkle Way, Sanibel Island, Florida at any time from November 26, 2008 through October 31, 2014 ("Settlement Class") who do not opt out of the settlement . . . .

(Doc. #42, at ¶9). Upon consideration, the Court finds the numerosity requirement is not met in this case. Smith's declaration contains a bare allegation that is unsupported by any evidence. For example, unlike similarly situated cases, there is no speculation of the proposed class size based on the number of servers currently employed at the restaurant, the number of plaintiffs currently in the lawsuit based on the operative complaint and opt-in process is not significant, and Teahl makes no mention of the potential class members' geographic information. See, e.g., Kubiak, 2014 WL 2625181, at *13 ("While Plaintiffs do no more than speculate as to the geographic dispersion of the putative class, the number of putative class members, as well as the relatively small size of their individual claims, rendering the ability of the individual servers to institute their own lawsuit impracticable,

makes joinder of the proposed class members impracticable."); Bennett, 880 F. Supp. 2d at *1280 (mentioning that plaintiffs reside in the same geographic area as defendants); see also Agen v. Katzman & Koor, P.A., 222 F.R.D. 692, 696 (S.D. Fla. 2004) (courts may consider factors in addition to the size of the proposed class, such as the geographic diversity of the class, the nature and size of the claims, judicial economy, and the ability of individual class members to file individual lawsuits) (citation omitted).

### ii. Commonality

To satisfy the commonality requirement, "a class action must involve issues that are susceptible to class-wide proof." Murray v. Auslander, 244 F.3d 807, 811 (11th Cir. 2001). Commonality is satisfied when "plaintiffs allege common or standardized conduct by the defendant directed toward members of the proposed class." Elkins v. Equitable Life Ins. of Iowa, No. CivA96-296-CIV-T-17B, 1998 WL 133741, at *11 (M.D. Fla. Jan. 27, 1998). In addition, a plaintiff must show that the class members have suffered the same injury. Kubiak, 2014 WL 2625181 at *13 (quotations and citations omitted).

Here, Teahl asserts there is commonality among the proposed settlement class because the employees share common factual and legal issues. Teahl specifies these common factual and legal issues are: whether Lazy Flamingo paid servers at an hourly rate that was lower than the full Florida minimum wage; whether these servers and bartenders shared their tips with cooks and cook assistants who were not customarily and regularly tipped employees; and whether cooks and cook assistants are customarily and regularly tipped employees.

The record is devoid of any evidence that supports Teahl's allegations that the servers and bartenders shared their tips with cooks and cook assistants and that this

sharing was done in violation of the Florida Constitution. The Court needs more than conclusory allegations to determine whether Count II is a claim that is common to the entire proposed class. Bennett, 880 F. Supp. 2d at 1281 ("Absent some evidence beyond the conclusory allegations of the FAC that the entire tip credit policy was unlawful, the Court is unable to determine whether the minimum wage claims raise issues common to the class."). After all, tip pools that are shared with cooks and other workers who do not commonly receive tips is not a *per se* violation of the Florida Constitution. See id. at 1278; Kubiak, 2014 WL 2625181, at *14; Perez v. Palermo Seafood, Inc., 548 F. Supp. 2d 1340, 1348 n. 4 (S.D. Fla. 2008).

### iii. Typicality

To satisfy the typicality requirement, "[a] class representative must possess the same interest and suffer the same injury as the class members." Murray, 244 F.3d at 811. Moreover, "typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." Prado-Steiman, 221 F.3d at 1279. That is, "typicality refers to the individual characteristic of the named plaintiff in relation to the class." Id.

Here, Teahl asserts her individual claims are identical to the claims of the proposed class. Further, in light of the identical nature of the claims, Teahl asserts the typicality element is satisfied. Upon consideration, the Court finds the typicality element is satisfied. All claims, whether belonging to Teahl or the proposed class members, rise out of the same conduct, alleged facts, and legal basis. Thus, Teahl possesses the same interest and has suffered the same alleged injury as the class members. See Garcia-Celestino v. Ruiz Harvesting, Inc., 280 F.R.D. 640, 646 (M.D. Fla. 2012).

### *iv. Adequacy*

To satisfy the adequacy requirement, the Court must find "(i) the class representatives have no interest conflicting with the class; and (ii) the representatives and their attorneys will properly prosecute the case." Bennett, 880 F. Supp. 2d at 1281 (citing Sosna v. Iowa, 419 U.S. 393, 406 (1975); Valley Drug Co. v. Geneva Pharms., Inc., 350 F.3d 1181, 1189 (11th Cir. 2003)). Moreover, "[a]dequacy exists where the named plaintiffs share common interests with the class members and seek the same type of relief for themselves as they seek for the class." Bennett, 880 F. Supp. 2d at 1281 (citing Pottinger v. City of Miami, 720 F. Supp. 955, 959 (S.D. Fla. 1989)).

Teahl asserts the adequacy requirement is satisfied because Teahl is pursing the same claims as the class members. Moreover, Teahl asserts she will receive an allocation of the settlement based on the same methodology as the other settlement class members with exception to seeking a modest service payment for her time, effort, potential negative effects of publically litigating this case, and for executing a general release. (See Doc. #42-2, at 10). Teahl asserts she has no interests that are antagonistic to the class members. In addition, the lawyers who wish to represent the class, assert they are experienced in litigating wage claims on behalf of plaintiff classes and have done so in at least 80 class and collective actions.

Upon consideration, the Court finds Teahl's interests are aligned with the proposed class members and believes Teahl's attorneys will fairly prosecute this claim based upon their extensive experience with class and collective actions. Nonetheless, the Court expects Teahl's attorneys to use binding case law, address all class certification

requirements such as standing, and create a class definition aligned with similarly situated cases, going forward in this litigation.

### 4. Rule 23(b)

In addition, in order to certify a class Rule 23(b) must be satisfied. Here, however, since the Court is not satisfied that all Rule 23(a) elements are met, it need not shift to the Rule 23(b)(3) analysis. See Bennett, 880 F. Supp. 2d at 1282.

### C. Conclusion

Upon consideration, the Court finds Teahl's motion for preliminary class certification of Count II is due to be denied. The definition of the class is inadequate and the Rule 23 requirements are unsatisfied.

## II. Provisional Certification Under Section 216(b)

### A. Legal Standard for Provisional Certification Under Section 216(b)

The FLSA permits collective actions against employers accused of violating the mandatory overtime provision. 29 U.S.C. § 216(b). In prospective collective actions brought under Section 216(b), potential plaintiffs must affirmatively opt in the collective action. Brown v. Discrete Wireless, Inc., No. 8:14-cv-1922-T-33EAJ, 2014 WL 6607006, at *1 (M.D. Fla. Nov. 19, 2014) (citing 29 U.S.C. § 216(b)). In the Eleventh Circuit, district courts use a two-tiered approach to determine whether to certify a collective action under Section 216(b). Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001) (citing Mooney v. Aramco Servs. Co., 54 F.3d 1207 (5th Cir. 1995)). The first tier, which is at issue in this motion, is called the notice stage. Id. At this stage, the court makes a decision, typically based on the pleadings and any submitted affidavits, as to whether notice of the action should be given to potential class members. Id. The plaintiff has the

burden to establish a reasonable basis that there are other employees of the defendant who desire to opt-in the action and that these employees are similarly situated with respect to their job requirements and pay provisions. Bennett, 880 F. Supp. 2d at 1282-83 (quoting Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991)). "To satisfy the reasonable basis test, a plaintiff must have more than only counsel's unsupported assertions that FLSA violations are widespread and that additional plaintiffs exist." Bennett, 880 F. Supp. 2d at 1283 (internal quotations, internal brackets, and citations omitted). This standard is lenient and typically results in a "conditional certification" of a representative class. Hipp, 252 F.3d at 1218 (citing Mooney, 54 F.3d 1207). If a conditional certification is given, then putative class members are given notice of the pending action and the opportunity to opt-in the pending action. Id.

### B. Analysis and Conclusion

Here, two individuals, Eileen Gibbard and Jessica Miller, have filed opt-in notices and consented to join the litigation. (Doc. #40-1; Doc. #40-2). In addition, Teahl asserts discovery in this case indicates the servers and bartenders at issue performed similar job duties and were subjected to the same tip pooling requirements. According to Attorney Sam J. Smith's declaration, these two individuals performed similar job duties and were subject to the same tip pooling requirements. (Doc. #42, at ¶7). Upon consideration of the lenient standard, two opt-in plaintiffs, and Smith declaration, there is a reasonable basis to believe there are other employees who may desire to opt-in. See Robbins-Pagel v. Puckett, No. 6:05-cv-1582-Orl-31DAB, 2006 WL 3393706, at *2 (M.D. Fla. Nov. 22, 2006) ("Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions

11

above pure speculation.") (citation omitted). The Court finds this matter may proceed to the notice stage. Therefore, potential plaintiffs may receive notice and the opportunity to opt-in. Santiago v. Walpole, Inc., No. 6:07-cv-57-Orl-28JGG, 2008 WL 4822894, at *5 (M.D. Fla. Nov. 5, 2008). This matter may proceed as a collective action through the close of discovery. Id. (citation omitted). The Court will address the proposed notice to the potential class members later within this Order.

### III.  Preliminary Approval of Settlement

#### A. Preliminary Approval of FLSA Settlement Standard

In the Eleventh Circuit, claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment after scrutinizing the parties' settlement for fairness. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). When, as here, an employee sues an employer for back wages and the employee and employer reach a settlement, such settlement must be presented to the district court for review. Id. (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946); Jarrad v. Se. Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947)).

Preliminary approval of a FLSA settlement on behalf of a class is atypical especially before other plaintiffs have been provided an opportunity to opt-in. Although, some courts may use its discretion to allow preliminary approval of settlements, the courts that do typically have strong hesitations when doing so. See, e.g., Hosier v. Mattress Firm, Inc., No. 3:10-cv-294-J-32JRK, 2011 WL 7071062, at *3 (M.D. Fla. Dec. 29, 2011); see also Santiago, 2008 WL 4822894, at *2 (court originally denying similar request

because future opt-in plaintiffs were unknown and court did not want to approve a hypothetical settlement on behalf of absent and unrepresented potential plaintiffs).

### B. Analysis and Conclusion

Here, Teahl seeks preliminary approval of her settlement on behalf of herself and others similarly situated. (See Doc. #42-2). Teahl asserts the proposed settlement adequately addresses the minimum wage claims, falls within the range of fairness for final approval, and was negotiated by lawyers experienced in complex wage and hour litigation with the assistance of an experienced class action mediator. Thus, Teahl asserts the settlement should be preliminarily approved.

Upon consideration, the Court will not approve this preliminary approval of settlement. Since notice has not been provided to the potential plaintiffs and it is unclear how many plaintiffs will join this collective action, the Court is unwilling to approve the settlement at this time. Furthermore, the Court prefers that this collective action proceed with the traditional two-stage route outlined by the Eleventh Circuit. See generally Hipp, 252 F.3d at 1218; see also Hosier, 2011 WL 7071062, at *3 (district court choosing to do the same); Su v. Elec. Arts, Inc., No. 6:05-cv-131-Orl-28JGG, 2007 WL 2780899 (M.D. Fla. Sept. 20, 2006) (same).

## IV. Authorization of Notice to Settlement Class

### A. Authorization of Notice to Class Standard

"[T]he power to authorize notice must be exercised with discretion and only in appropriate cases." Haynes v. Singer Co., Inc., 696 F.2d 884, 886 (11th Cir. 1983). In general, notices to potential class members in FLSA cases should contain certain information. For example, notices should include language regarding potential liability for

costs and attorney's fees and appropriate definitions of the potential class. See Robbins-Pagel v. Puckett, No. 6:05-cv-1582-Orl-31DAB, 2006 WL 3393706, at *3 (M.D. Fla. Nov. 22, 2006); Whitaker v. Kablelink Commc'ns, LLC, No. 8:13-cv-2093-T-30MAP, 2013 WL 5919351, at *5 (M.D. Fla. Nov. 4, 2013).

### B. Analysis and Conclusion

Teahl has provided the parties' proposed notice to be sent to the potential class members. (See Doc. #42-6). Upon consideration, the Court will not authorize notice to the potential class members at this time. The Court, however, will give the parties ample opportunity to correct the notice so this matter may proceed to the next stage of litigation. In light of the Court not certifying the class pursuant to Rule 23 or preliminarily approving the settlement, all language related to the Florida Constitution claim and preliminary settlement must be omitted from the notice. In addition, the proposed notice does not warn potential class members of their responsibility of paying attorney fees in the event that they are unsuccessful on the merits of their claim. The notice must be altered so that it properly warns potential class members of their responsibility.

The definition of the proposed collective action is also inappropriate. In the proposed notice, the definition is, "[a]ll servers and bartenders who have worked for Lazy Flamingo restaurant, located at 1036 Periwinkle Way, Sanibel Island, Florida, 33957 at any time during the period November 26, 2008 to October 31, 2014." (Doc. #42-6). This definition is not narrow enough. The Court takes issue with the term "server" and how the definition does not tailor to employees subject to an invalid tip pool, as described above.

### V.     A Final Fairness Hearing

Teahl requests the Court to set a hearing for final approval of the settlement. Setting a final fairness hearing at this time would not support judicial economy or efficiency because the request is premature. Consequently, the Court will deny scheduling a final approval of settlement hearing at this time. Teahl should proceed to the notice stage of this litigation first.

After careful consideration and in accordance with the findings herein, it is

**ORDERED:**

1. Plaintiff's omnibus motion is **GRANTED in part** and **DENIED in part**:

   A. certification under Rule 23 is **DENIED**;

   B. provisional certification under Section 216(b) is **GRANTED**;

   C. preliminary approval of settlement is **DENIED**;

   D. authorization of notice to settlement class is **DENIED without prejudice**;

   E. a final fairness hearing is **DENIED without prejudice**.

2. Teahl may submit a new proposed notice as it relates to the potential FLSA collective action no later than **January 30, 2015**.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of January, 2015.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record