UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MACHERIE TEAHL, on her own behalf
and others similarly situated

        Plaintiff,

v.                                  Case No:   2:13-cv-833-FtM-38CM

THE LAZY FLAMINGO, INC., LAZY
FLAMINGO 2, INC., LAZY FLAMINGO
3, INC., LCT PROPERTIES, INC., LCT
RESTAURANT PARTNERS 4, LLC,
XYZ ENTITIES 1 - 10, LARRY
THOMPSON and RICHARD
MUENCH,

        Defendants.

_____/

## ORDER[1]

       This matter comes before the Court on Joint Renewed Omnibus Motion (Doc. #45) filed on January 30, 2015. The motion is sincerely a motion for reconsideration. The Court finds the motion is unpersuasive. Reconsideration of a court's previous order is an extraordinary remedy, and thus, is a power which should be used sparingly. Carter v. Premier Rest. Mgmt., No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need

_____

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994).

Here, there is no intervening change in the *controlling* law and there is no need to correct clear error or prevent manifest injustice. Although the parties have provided new evidence to the Court, such as attorney affidavits, the Court notes such evidence was available before the initial motion was filed. Moreover, the parties have not provided new complying documents, such as a new proposed notice, to grant a different relief than the Court's original order. (See, e.g., Doc. #44, at 13-14 (explaining notice must include language regarding potential liability for costs and attorney's fees and appropriate definitions of the potential class.)). The Court is not obligated to provide a preliminary approval especially in light of the deficiencies that the parties *still* have not fixed. Having found no reason to justify granting reconsideration, the motion is due to be denied. The undersigned will follow the two-tier approach outlined by the Eleventh Circuit. See Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208 (11th Cir. 2001) ("The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly with the discretion of the district court.") (citations omitted). The parties are directed to move forward with this litigation and comply with the Court's January 13, 2015 Order. (See Doc. #44).

Accordingly, it is now **ORDERED:**

Joint Renewed Omnibus Motion (Doc. #45) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of April, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record