## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MACHERIE TEAHL, on her own
behalf and others similarly situated

      Plaintiffs,

v.                                       Case No:  2:13-cv-833-FtM-38CM

THE LAZY FLAMINGO, INC.,
LAZY FLAMINGO 2, INC., LAZY
FLAMINGO 3, INC., LCT
PROPERTIES, INC., LCT
RESTAURANT PARTNERS 4,
LLC, XYZ ENTITIES 1 - 10,
LARRY THOMPSON and
RICHARD MUENCH,

      Defendants.

_____

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Joint Motion Seeking Certification of Rule 23

Class, Preliminary Approval of Proposed Settlement, Authorization of Notice to the

Settlement Class, and Setting a Final Fairness Hearing and Memorandum of Law in

Support Thereof ("Joint Motion for Certification," Doc. 63).[2] Also before the Court is

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no

Plaintiff's Consented Motion for Leave to File First Amended Complaint and Incorporated Memorandum of Law ("Motion to Amend," Doc. 65).   Pursuant to Local Rule 3.01(g), Defendants do not oppose the Motion to Amend.   Doc. 65 at 4.   For the reasons stated herein, the Motion to Amend is granted, and the undersigned recommends that the Joint Motion for Certification be denied for failure to meet superiority requirement of Federal Rule of Civil Procedure 23(b)(3).

## I.    Background

Plaintiff, Macherie Teahl, filed this action against Defendants alleging that Defendants failed to pay minimum wages to all servers/waitpersons in violation of the Fair Labor Standards Act ("FLSA"), Florida Constitution Article X Section 24, and Fla. Stat. § 448.110, the Florida Minimum Wage Act ("FMWA").[3]   Doc. 1 at 1. There are three counts in the complaint.   *Id.*   Count I alleges that Defendants violated the FLSA by having "a policy and practice of forcing their servers to share tips with cooks and cooks' assistants, who are traditionally non-tipped employees." *Id.* at 12.   Count II alleges violations of the FMWA, and that Defendants failed to pay full minimum wages for one or more weeks of work.   *Id.* at 15.   Count III requests declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.   *Id.* at 16.

---

responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[3] Article X Section 24 of the Florida Constitution provides that, "Employers shall pay Employees Wages no less than the Minimum Wage for all hours working in Florida."   Fla. Const. art. X, § 24.   Florida Statutes Section 448.110 provides "measures for the appropriate implementation of s. 24, Art. X of the State Constitution."   Fla. Stat. § 448.110(2).

On November 21, 2014, Plaintiff filed a motion seeking (1) provisional certification of the proposed Settlement Class pursuant to 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure, (2) appointment of Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel of the Settlement Class, (3) preliminary approval of the settlement, (4) authorization of notice to the settlement class, and (5) a final fairness hearing. Doc. 41 at 3. In support of the motion, Plaintiff filed a Declaration of Sam J. Smith, one of Plaintiff's attorneys. Doc. 42. Defendants had no objection to the proposed motion. *Id.* at 23.

The Honorable Sheri Polster Chappell considered the merits of Plaintiff's motion and granted the motion in part and denied it in part. Doc. 44 at 15. Judge Chappell denied Plaintiff's request for certification under Rule 23, but granted the provisional certification under Section 216(b). *Id.* Judge Chappell also denied Plaintiff's preliminary approval for settlement and denied without prejudice Plaintiff's requests for authorization of notice to settlement class and final fairness hearing. *Id.*

When evaluating Plaintiff's request for certification under Rule 23, Judge Chappell first found that Plaintiff had Article III standing to represent a class as it related to Count II of Plaintiff's complaint. *Id.* at 4. Next, Judge Chappell determined whether a class existed that could be adequately defined. *Id.* In Plaintiff's prior motion requesting Rule 23 certification, Plaintiff defined the proposed class as: "All servers who worked at the Lazy Flamingo restaurant located at 1036 Periwinkle Way, Sanibel Island, Florida at any time from November 26, 2008 to

October 31, 2014." Doc. 41 at 7.   Judge Chappell found the proposed definition to be insufficient because the term "server" was too broad because it left the Court to question whether the term included only waiters and waitresses or if bartenders also were included in the class.   Doc. 44 at 4-5.   Accordingly, Judge Chappell found that the definition was not narrow enough to administer the class in a feasible way, and Rule 23 certification was inappropriate at that time.   Id. at 5.

Judge Chappell also considered whether Plaintiff established the Rule 23(a) elements of (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy.   Doc. 44 at 5.   Judge Chappell found that Plaintiff failed to establish the numerosity requirement although Plaintiff asserted that there were sixty-six individuals who may participate in the Settlement Class.   Id. at 6.   She also found that Plaintiff's assertion was only supported by a Declaration of Attorney Sam J. Smith.   Id.   Judge Chappell stated that Smith's declaration was merely a bare allegation unsupported by any evidence.   Id.   Moreover, she stated that Plaintiff made no mention of the potential class members' geographic information.   Id. (citing Kubiak v. S.W. Cowboy, Inc., No. 3:12-cv-1306-J-34JRK, 2014 WL 2625181, at *13 (M.D. Fla. June 12, 2014); Bennett v. Hayes Robertson Group, Inc., 880 F. Supp. 2d 1270, 1280 (S.D. Fla. 2012); Agen v. Katzman Koor, P.A., 222 F.R.D. 692, 696 (S.D. Fla. 2004)).   Accordingly, Judge Chappell found that Plaintiff failed to establish the numerosity requirement.

Judge Chappell also found that the commonality requirement was not met. "Commonality is satisfied when 'plaintiffs allege common or standardized conduct by the defendant directed toward members of the proposed class.'" Doc. 44 at 7 (quoting

*Elkins v. Equitable Life Inc. of Iowa*, No. CivA96-296-Civ-T-17B, 1998 WL 133741, at *11 (M.D. Fla. Jan. 27, 1998)).   Judge Chappell also stated that Plaintiff must establish that the class members suffered the same injury.  *Id.* (citing *Kubiak,* 2014 WL 2625181 at *13)).   In Plaintiff's prior motion for Rule 23 certification, she alleged that the employees shared common factual and legal issues including:

> whether Lazy Flamingo paid servers at an hourly rate that was lower than the full Florida minimum wage; whether these servers and bartenders shared their tips with cooks and cook assistants who were not customarily and regularly tipped employees; and whether cooks and cook assistants are customarily and regularly tipped employees.

*Id., see also* Doc. 41 at 10.   These allegations, however, were unsupported by any record evidence.   Doc. 44 at 7-8.   Judge Chappell stated that more than conclusory allegations are required to determine whether the claim is common to the entire proposed class.   *Id.* at 8 (citing *Bennett*, 880 F. Supp. 2d at 1281).   Thus, she found that the commonality requirement also was not met.

Plaintiff met the typicality requirement in her first motion for Rule 23 certification.   Doc. 44 at 8.   The district judge stated that the typicality requirement is satisfied when the class representative possesses the same interest and suffers the same injury as the class members.   *Id.* (citing *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001)).   Plaintiff alleged that her individual claims are identical to the claims of the proposed class.   *Id.*; *see also* Doc. 41 at 11.   Judge Chappell concluded that all of the claims, including Plaintiff's claims, arose out of the same conduct, alleged facts, and legal basis.   Doc. 44 at 8.   Thus, she found that Plaintiff met the typicality requirement.

Finally, Judge Chappell found that the adequacy requirement of Rule 23 was met. Doc. 44 at 9. She stated, "[t]o satisfy the adequacy requirement, the Court must find '(i) the class representatives have no interest conflicting with the class; and (ii) the representatives and their attorneys will properly prosecute the case.'" *Id.* (quoting *Bennett*, 880 F. Supp. 2d at 1281) (internal citations omitted). Plaintiff asserted that she is pursuing the same claims as the class members and will receive an allocation of settlement based on the same methodology as the other class members. *Id.*; *see also* Doc. 41 at 12. Additionally, Plaintiff asserted that the attorneys who wish to represent the class have experience litigating wage claims and have done so in at least eighty class and collective actions. Doc. 44 at 9. Thus, the district judge found that Plaintiff's interests were aligned with the proposed class members. *Id.* The district judge also believed that Plaintiff's attorneys would fairly prosecute this claim. *Id.* Therefore, she found that the adequacy requirement had been met.

Because Judge Chappell found that not all of the Rule 23(a) requirements had been met, she did not perform an analysis of Rule 23(b). Doc. 44 at 10. Judge Chappell denied Plaintiff's request for preliminary class certification of the Florida constitutional claim because the definition of the class was inadequate and the Rule 23(a) requirements were not satisfied. *Id.*

Next, the district judge evaluated Plaintiff's request for provisional certification under 29 U.S.C. § 216(b). Doc. 44 at 10. Judge Chappell granted Plaintiff's request and allowed the matter to proceed to the notice stage. *Id.* at 12.

Following the provisional certification, she reviewed Plaintiff's request for approval of the FLSA settlement. *Id.* Noting that approval of a FLSA settlement on behalf of a class is atypical before other potential plaintiffs have been provided an opportunity to opt-in, she declined to approve the settlement without the potential plaintiffs receiving notice of the collective action. *Id.* at 12-13 (citing *Hosier v. Mattress Firm, Inc.*, No. 3:10-cv-294-J-32JRK, 2011 WL 7071062, at 3 (M.D. Fla. Dec. 29, 2011); *Santiago v. Walpole, Inc.*, No. 6:07-cv-57-Orl-28JGG, 2008 WL 4822894, at *2 (M.D. Fla. Nov. 5, 2008); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001); *Su v. Elec. Arts, Inc.*, No. 6:05-cv-131-Orl-28JGG, 2007 WL 2780899 (M.D. Fla. Sept. 20, 2006)).

Following the proposed settlement evaluation, Judge Chappell reviewed the proposed notice to the Settlement Class. Doc. 44 at 13-14. Judge Chappell declined to authorize the notice to the potential class because the notice included language regarding the preliminarily approved settlement, and language related to the Rule 23 certification of the Florida Constitutional claim. *Id.* at 14. Because she did not certify the class pursuant to Rule 23 or preliminarily approve the settlement, she ordered that the language related to those issues be omitted from the notice. *Id.* Judge Chappell also stated that the proposed notice must warn the potential class members of their responsibility to pay attorney's fees if unsuccessful on the merits of their claims. *Id.* Moreover, she found that the definition of the proposed collective action was too broad. *Id.* Thus, she declined to authorize notice. *Id.*

Additionally, she concluded that the request for a fairness hearing was premature. *Id.* at 15.

Plaintiff next filed a renewed motion seeking the same relief. Doc. 45. Plaintiff requested that the Court (1) certify the proposed settlement classes, (2) appoint Plaintiff as the class representative and Plaintiff's counsel as class counsel of settlement classes, (3) preliminarily approve the settlement, (4) authorize notice to the settlement class, and (5) set a date and time for a final fairness hearing. Doc. 45. Judge Chappell construed this as a Motion for Reconsideration. Doc. 46. She declined to reconsider the prior Order, and directed the parties to move forward with the litigation as instructed in the prior Order by providing the Court with a new proposed notice. Doc. 44, 46.

Plaintiff subsequently filed a Joint Motion for Approval of the Proposed Notice Pursuant to Section 216(b) of the FLSA and Memorandum of Law in Support Thereof. Doc. 47. Judge Chappell approved the proposed notice and directed Plaintiff to send the notice to all potential class members. Doc. 48. After the notice was sent, several opt-in Plaintiffs joined in the collective action. *See* Doc. 50.

The parties now file the present Joint Motion for Certification. Doc. 63. Plaintiff also filed an uncontested motion for leave to file an amended complaint. Doc. 65.

## II.    Analysis

Presently, the parties seek (1) provisional certification under Rule 23 of the Federal Rules of Civil Procedure, (2) preliminary approval of the proposed settlement,

(3) authorization of notice to the settlement class, and (4) a final fairness hearing. Doc. 63 at 1.   Plaintiff also requests leave to file a First Amended Complaint to conform the allegations contained in the Complaint to the proposed Settlement Class. Doc. 65 at 3.   Because the Settlement Class will be based on the allegations in the operative pleading, the Court will address the Motion to Amend first.

>    a. *Motion to Amend*

Plaintiff seeks leave to file a First Amended Complaint to conform the allegations contained in the complaint to the proposed Settlement Class in order to avoid any confusion and delays.   Doc. 65 at 3 (citing *Herrera v. United States Serv. Indus., Inc.*, No. 2:12-cv-258-FtM-29-DNF, 2013 WL 24260, at *2 (M.D. Fla. Jan. 2, 2013); *Pimental v. HGA Quest, Inc.*, No. 2:12-cv-176-FtM-29DNF, 2013 WL 1464273, at *2-3 (M.D. Fla Apr. 11, 2013)).   Defendants have no objection to the proposed amendment.   *Id.* at 4.

Rule 15, Federal Rules of Civil Procedure, provides that, for amendments not filed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires."   Fed. R. Civ. P. 15(a)(2).   "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment."   *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (internal quotation marks omitted).

After review of the First Amended Complaint, Plaintiff appears to have conformed the pleadings to the proposed Settlement Class. Doc. 65-1. For example, the proposed Settlement Class definition specifically identified servers and bartenders who worked at the Lazy Flamingo at a specific location between a certain period of time. *See* Doc. 63 at 14. The First Amended Complaint now identifies those same specifications, whereas the original complaint only identifies "servers" rather than "servers and bartenders." Docs. 1 at 2; 65-1 at 2. Additionally, the original complaint did not identify the specific restaurant or date range. *See* Doc. 1. Plaintiff also used the updated and more specific Settlement Class definition in the First Amended Complaint. Doc. 65-1 at 4. Consistent with the original complaint, the First Amended Complaint alleges a claim for violations of the FLSA in Count I and violations of the Florida Constitution in Count II. *Id.* at 13-15. As with the remainder of the First Amended Complaint, the substance of Counts I and II remains largely unchanged, but Plaintiff made the allegations more specific to conform to the proposed Settlement Class. Plaintiff removed the claim seeking declaratory relief. Doc. 65-1.

The Court has reviewed the proposed amendment and does not find the amendment to be futile or unduly prejudicial. Accordingly, Plaintiff's Motion to Amend is granted. The Court now will refer to Plaintiff's First Amended Complaint (Doc. 65-1) when addressing the parties' request for Rule 23 certification.

### b. *Joint Motion for Certification*

Next, the parties have filed a renewed Joint Motion for Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.   Doc. 63.   As discussed, *supra*, the parties previously filed a request for certification under Rule 23, but that request was denied for various deficiencies. *See* Docs. 41, 44.   Before the Court proceeds to the Rule 23(a) analysis, the Court must determine whether Plaintiff has Article III standing to raise the class claim and whether a class exists that can be adequately defined.   *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000); *Bennett,* 880 F. Supp. 2d at 1278.   The district judge previously determined that Plaintiff has Article III standing to represent a class as it relates to Count II.[4] Doc. 44 at 4.   Thus, the Court will not perform a second analysis of this issue.   Per Judge Chappell's prior ruling, Plaintiff has standing to represent a class as it relates to Count II.

Next, the Court will determine whether a class exists that can be adequately defined.   In the present Joint Motion for Certification, the parties define the proposed class as: "All servers and bartenders who worked at the Lazy Flamingo restaurant located at 1036 Periwinkle Way, Sanibel Island, Florida at any time from November 26, 2008 to October 31, 2014 who were paid tip credit wage and required to share tips with cooks."   Doc. 63 at 14.

---

[4] Although Judge Chappell's analysis of Plaintiff's standing was based on Count II of the original complaint (Doc. 1), Count II of the First Amended Complaint raises the same allegations as the original complaint.   Doc. 65-1. Accordingly, the analysis applied by Judge Chappell still would be applicable to the present analysis.

When determining whether a class exists that can be adequately defined, the definition of the class can be liberally applied but may not be vague or difficult to apply.  *Bennett*, 880 F. Supp. 2d at 1278.   In *Bennett*, the proposed class definition included "[a]ll hourly-paid employees."  *Id.*   The court found this to be vague, indefinite, and overbroad because the definition failed to distinguish between tipped and non-tipped employees.  *Id.*   Similarly, Judge Chappell previously found the term "server" to be too broad because it left the Court to question whether the term included only waiters and waitresses or if bartenders also were included.  Doc. 44 at 5.   She also noted that the proposed class definition did not narrowly include employees subject to an invalid tip pool.  *Id.* (citing *Bennett*, 880 F. Supp. 2d at 1278).

The parties, however, have remedied these deficiencies in the present motion. The parties specifically identify "servers and bartenders" who worked at the Lazy Flamingo for a specific period of time, had been paid a tip credit wage, and were required to share tips with cooks.   The Court finds this definition to be sufficiently narrow because it is objective, and the determination of who is eligible can be easily identified.   *See Kubiak,* 2014 WL 2625181 at *20 (finding the following class definition to be sufficiently objective to ascertain who is a member of the class: "[a]ll current and former employees of Saltwater Cowboys and Creekside Dinery restaurants who work(ed) as a server, waiter or waitress (or any other job title performing essentially the same job function as a Server) at any time between November 30, 2007 and February 1, 2013, who participated in the Kitchen Tip Pool,

and was paid a reduced minimum wage through the use of a tip credit of $3.02 per hour."). Accordingly, the Court finds the parties' proposed class definition to be sufficient.

### 1. Federal Rule of Civil Procedure 23(a)

Rule 23 identifies a list of criteria the Court must evaluate to determine whether class certification is appropriate. *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003). The four prerequisites in Rule 23(a) are numerosity, commonality, typicality, and adequacy. *Id.* at 1188, Fed. R. Civ. P. 23(a). Judge Chappell previously found that the parties met the requirements for typicality and adequacy. Doc. 44 at 8-10. Thus, the undersigned will focus this analysis on numerosity and commonality.

Rule 23(a)(1) states that the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "While there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. American Cast Iron Pipe, Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (citing 3B Moore's Federal Practice ¶23.05[1] at n.7 (1978)). Courts are given discretion to make assumptions regarding numerosity, but a plaintiff still is required to show some evidence of or reasonably estimate the number of class members beyond mere speculation and unsupported conclusions. *Fuller v. Becker & Polliakoff, P.A.,* 197 F.R.D. 697, 699 (M.D. Fla. 2000); *Kubiak*, 2014 WL 2625181 at * 12. "Factors to be considered are the geographic dispersion of the class members, judicial economy, and

the ease of identifying the members of the class and their addresses." *Kubiak*, 2014 WL 2625181 at *12.

Here, the parties assert that the Settlement Class is comprised of sixty-five individuals who worked as servers or bartenders at the Lazy Flamingo restaurant during the relevant time period. Doc. 63 at 17. The parties compiled this list of all servers and bartenders who were employed at the Lazy Flamingo 2 from November 26, 2008 to October 31, 2014 from the company's corporate records. *Id.* Additionally, the company's corporate records were used to determine the last known addresses for each of the Settlement Class members. *Id.* at 17 n.10. The parties state that it would be impracticable to join all of the sixty-five class members, and it would conserve judicial resources if the class is certified. *Id.* at 18. Moreover, the parties state that "13.8 percent of the members of the Settlement Class are located outside of the Middle District of Florida increasing the impracticability of joinder of all 65 individuals." *Id.* Thus, the parties contend that the numerosity requirement is met. The Court agrees.

Previously, the parties failed to meet the numerosity requirement because their assertion only was supported by the Declaration of Attorney Sam J. Smith. Doc. 44 at 6. Judge Chappell stated that Attorney Smith's declaration was unsupported by any evidence. *Id.* She also noted that Plaintiff made no mention of the potential class members' geographic information. *Id.* Presently, however, the parties have based their estimates on more than just a declaration. Doc. 63 at 17 n.10. The parties used the company's corporate records to ascertain the number of

potential class members.  *Id.*   Additionally, the parties note that 13.8 percent of the Settlement Class is located outside of the Middle District of Florida.  *Id.* at 18. Accordingly, the Court finds that the parties have cured the defects of their prior request for Rule 23 certification and have sufficiently established the numerosity requirement.

Next, the Court will address the commonality requirement of Rule 23(a). Commonality requires that there be questions of fact or law common to the class. Fed. R. Civ. P. 23(a)(2); *Kubiak*, 2014 WL 2625181 at *13.   "The commonality requirement is also satisfied where plaintiffs allege common or standardized conduct by the defendant directed toward members of the proposed class."  *Elkins*, 1998 WL 133741, at *13.   The primary issue when determining if commonality exists is whether at least one issue exists that affects all or a significant number of the proposed class members.  *Id.*

In *Kubiak*, counts IV and V of the plaintiffs' complaint alleged that all of the members of the class participated involuntarily in the tip pool.  2014 WL 2625181 at *14.   The court stated that "[b]ecause a tipped employee may voluntarily choose to share tips with an otherwise ineligible employee so long as that tip-sharing is done without coercion by the employer," the plaintiffs' claims were contingent upon whether the class members voluntarily participated in the tip pool.  *Id.* (citing *Roussell v. Brinker Intern. Inc.*, 441 F. App'x 222, 230 (5th Cir. 2011); *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 303 (6th Cir. 1998)).   In *Kubiak*, there was conflicting evidence submitted regarding whether the servers believed they

- 15 -

were required or coerced to participate in the tip pool. 2014 WL 2625181 at *14. The plaintiffs submitted evidence that twelve servers believed they were required or coerced to participate in the tip pool, while the defendants submitted affidavits of fifty-five current or former servers who uniformly stated that participation in the tip pool was voluntary. *Id.* Thus, the court found that the commonality requirement fell apart because the plaintiffs failed to establish common or standardized conduct on the part of the defendants. *Id.* Therefore, the court denied the plaintiffs' request for class certification. *Id.*

Judge Chappell previously concluded that "[t]he record [was] devoid of any evidence that support[ed] [Plaintiff's] allegations that the servers and bartenders shared their tips with cooks and cook assistants and that this sharing was done in violation of the Florida Constitution." Doc. 44 at 7-8. The parties simply stated,

> the Settlement Class Members share common factual and legal issues as asserted in their Complaint, including: whether Defendants paid servers at an hourly rate that was lower than the full Florida minimum wage; whether these servers and bartenders shared their tips with cooks and cooks assistants who were not customarily and regularly tipped employees; and whether or not cooks and cook assistants are customarily and regularly tipped employees.

Doc. 41 at 10. The parties provided no support for those statements. *See id.* Accordingly, Judge Chappell found that the commonality requirement was not met. Doc. 44 at 7-8.

Here, the parties assert that the

> [s]tandardized conduct by the defendant directed toward all class members includes that throughout the relevant liability period, the servers and bartenders who worked at Lazy Flamingo 2 were required

to share tips with the cooks, and that the servers and bartenders were paid at an hourly rate below the Florida minimum wage.

Doc. 63 at 19.   To support this assertion, the parties provided a declaration of Plaintiff, along with a second declaration of Larry Thompson, the owner of the Lazy Flamingo, and declarations from numerous opt-in Plaintiffs.   *Id.*   Additionally, the parties state that the common legal issue is whether the cooks were properly included in the tip pool.   *Id.*   While the parties disagree as to the legal issue, the Court need not make a determination regarding whether the cooks were properly included in the tip pool to conclude whether the commonality requirement is met.   *See Schojan v. Papa Johns Intern, Inc.*, 303 F.R.D. 659, 664 (M.D. Fla. 2014) (stating that a trial court should not determine the merits of a claim at the class certification stage).

Upon consideration, the Court concludes that Plaintiff's assertions regarding commonality are adequately supported by declarations from Plaintiff, Larry Thompson and the opt-in Plaintiffs.   Plaintiff's First Amended Complaint alleges in Count II that "Plaintiff and those similarly situated servers were forced to share tips with cooks and cooks' assistants, who are not customarily tipped employees."   Doc. 65-1 at 15.   Moreover, the declarations of Plaintiff, Larry Thompson, and the opt-in Plaintiffs all state that all servers and bartenders were required to pool 100 percent of their tips to share them between the servers, bartenders, and cooks.   Docs. 64-9 at 2, 64-10 at 2, 64-11 at 2, 64-12 at 2, 64-13 at 2, 64-14 at 2, 64-15 at 2, 64-16 at 2, 64-17 at 2, 64-18 at 2, 64-19 at 2, 64-20 at 2, 64-21 at 2.   This case is distinguishable from *Kubiak* because in *Kubiak* there was conflicting evidence. 2014 WL 2625181 at *14.   Here, however, the evidence is consistent that the Settlement Class was

required to participate in the tip pool.   Additionally, the Court need not make a determination at this juncture regarding whether the cooks were properly included in the tip pool.   *See Schojan*, 303 F.R.D. at 664.   Thus, the Court finds that the commonality requirement has been met.   The parties have established that there are legal and factual issues common to the entire class.

Because Judge Chappell previously found that typicality and adequacy requirements were met, and the undersigned now finds that the parties have met the requirements for numerosity and adequacy, the Rule 23(a) requirements for class certification have been met.   Thus, the analysis now shifts to Rule 23(b)(3).

### 2. *Federal Rule of Civil Procedure 23(b)(3)*

When evaluating the parties' prior Joint Motion for Certification under Rule 23, Judge Chappell did not perform an analysis of the whether the parties met the requirements of Rule 23(b)(3) because the parties failed to satisfy the elements of Rule 23(a).   Doc. 44 at 10.   Therefore, this is the first analysis of Plaintiff's claims under Rule 23(b)(3).

The parties state that, "[t]he proposed Settlement Classes also meet the requirements of Rule 23(b)(3) because (1) common questions of the class predominate over questions that affect individual members and (2) class resolution is superior to other available methods."   Doc. 63 at 22.   The parties state that the Court may consider that the class will be certified only for settlement purposes when evaluating predominance and superiority.   *Id.* (citing *Amchem Products, Inc., et al. v. George Windsor, et. al.*, 521 U.S. 591, 618-620 (1997)).

Federal Rule of Civil Procedure 23(b)(3) states that if Rule 23(a) is satisfied, a class action may be maintained if, "the court finds that the questions of law or fact common to class member predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). To determine predominance, the court looks at whether the proposed class is "'sufficiently cohesive to warrant adjudication by representation.'" Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 376 (2011) (quoting Amchem, 521 U.S. at 623).

Here, the parties argue that the common questions of law affecting proposed class members predominate over questions that may affect individual members. Doc. 63 at 22. The parties reference a case from the Second Circuit Court of Appeals for their position that class-wide issues predominate over individual issues. Id. at 23 (citing Shahriar v. Smith & Wollensky Restaurant Group, Inc., 659 F.3d 234, 235 (2d Cir. 2011)). The Court finds this case persuasive. In Shahriar, the plaintiffs alleged that all of the servers were required to share tips with tip-ineligible persons. 659 F.3d at 235. The defendant denied that all of the class plaintiffs were subject to the same uniform tip practices. Id. The court stated that if the plaintiffs succeed on their claims, although the individual damages may vary, the common questions predominate over any individualized issues. Id. The allegations here are nearly identical. Thus, the Court concludes that the proposed class members' claims predominate over questions that may affect the individual class members.

Next, the Court will address the superiority requirement.   Rule 23(b)(3) also requires that a class action be superior to other methods of adjudicating the controversy.   Fed. R. Civ. P. 23(b)(3).   Here, the parties previously filed a motion for certification of the FLSA claims under 29 U.S.C. § 216(b).   Doc. 41.   Judge Chappell granted provisional certification and later approved the notices to the prospective opt-in Plaintiffs.   Doc. 44, 48.   Plaintiff now seek to certify the FMWA claim under Rule 23.   Doc. 63 at 13.

While some courts in this circuit, and even within this district, have concluded that hybrid class actions suits under 29 U.S.C. § 216(b) and Rule 23 for state minimum wage violations may proceed without conflict,[5]  based on binding precedent in this circuit, a court in this division recently ruled that they cannot.   *Calderone v. Scott*, No. 2:14-cv-519-FtM-29CM, 2015 WL 4395623, at *5 (M.D. Fla. July 19, 2015) (citing *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975)); *see also Perez v. Avatar Properties, Inc.* No. 07-CV-792, 2008 WL 4853642, at *3 (M.D. Fla. Nov. 6, 2008) (citing *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975)). In *Calderone*, the court stated that "an FMWA class action is not superior to other available methods for adjudicating Plaintiffs' claims because overlapping FLSA and FMWA class actions are 'mutually exclusive and irreconcilable.'"   *Id.* (citing *LaChapelle,* 513 F.2d at 289).   The court specifically discussed the FLSA

---

[5]  *See Kubiak,* 2014 WL 2625181 at *1 n.4 (stating that hybrid class action suits may proceed without conflict); *Bennett,* 880 F. Supp. 2d at 1276 (stating claims subject to certification under 29 U.S.C. § 216(b) may be brought in the same lawsuit as claims subject to certification under Rule 23).

requirement that putative class members who wish to join the action must affirmatively opt-in, while Rule 23 class actions requires putative class members who do not wish to join to affirmatively opt-out. *Id.* at *6. The court stated that when the putative FLSA and FMWA classes are identical, the opt-in and opt-out procedures cannot be reconciled. *Id.* The *Calderone* court presented a hypothetical to demonstrate the conflict:

> [C]onsider a hypothetical Deputy who is a member of Plaintiffs' putative class but *does not* wish to have her minimum wages claims adjudicated in this case. Upon receiving notice of the FLSA action, she would do nothing because the FLSA provides that she is not bound by the outcome of this case unless she opts-in. However, upon receiving notice of the FMWA action, she would have to affirmatively opt-out. If she does not opt-out, she will become a member of the FMWA action by default and her minimum wages claims will be adjudicated in this case. The end result is that any putative class member who does not wish to be bound by the outcome of this case must affirmatively opt-out, despite that fact that the FLSA requires precisely the opposite.

*Id.* (emphasis in original). The court noted that in *LaChapelle,* this result was found to be impermissible. *Id.* In *LaChapelle,* the Fifth Circuit Court of Appeals stated that "it is crystal clear that [29 U.S.C. § 216(b)] precludes pure Rule 23 class actions in FLSA suits" because there is a fundamental and irreconcilable difference between a Rule 23 class action and that provided for by the FLSA. 516 F.2d at 288. In *Calderone*, the court acknowledged that the Eleventh Circuit had not directly addressed this issue, nor had it repudiated *LaChapelle.* 2015 WL 4395623 at *6. Therefore, the court stated that *LaChappelle* remained binding precedent on this court.[6] *Id.* The court also noted, "the Eleventh Circuit has cited *LaChappelle*

---

[6] The Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City*

approvingly for the point that the FLSA and Rule 23 employ conflicting class action notice procedures." *Id.* (citing *Cameron-Grant v. Maxin Healthcare Servs.*, 347 F.3d 1240, 1248 (11th Cir. 2003); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)). Accordingly, in *Calderone*, the court followed *LaChapelle* and held that Plaintiffs' overlapping FLSA and FMWA class actions were mutually exclusive and irreconcilable. *Id.* Thus, the court denied Plaintiffs' motion to certify the FMWA claims pursuant to Rule 23(b)(3).

This case is nearly identical to *Calderone*. The putative FLSA and FMWA classes are identical. Thus, the opt-in and opt-out procedures cannot be reconciled. While the Court is mindful that other courts within this district have made contrary findings, the Court will follow the reasoning of this division and will recommend ruling consistently with *Calderone*, following the case authority of *LaChappelle*. Accordingly, the undersigned recommends that the parties' request for Rule 23 certification be denied.

### c. *Preliminary Approval of Settlement Agreement, Notice to Settlement Class Members, Final Fairness Hearing*

The parties also request that the Court approve the parties' Rule 23 Settlement Agreement, Notice of the Proposed Agreement to be provided to all members of the Settlement Class, and that the Court set a final fairness hearing. Because the Court recommends that the Rule 23 certification be denied, the Court recommends that the Settlement Agreement be denied as it relates to the Rule 23 class action. Thus, to

*of Prichard Ala.*, 661 F.2d. 1206, 1209 (11th Cir. 1981) (en banc).

the extent the Settlement Agreement needs to be modified in light of the Court's recommendation, the undersigned also recommends that the parties be permitted to submit an Amended Settlement Agreement for Court approval.   Finally, the parties' requests for Approval of the Notice of the Proposed Settlement and a Final Fairness Hearing also should be denied based on the Court's recommendation that the request for Rule 23 certification be denied.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Plaintiff's Consented Motion for Leave to File First Amended Complaint and Incorporated Memorandum of Law (Doc. 65) is **GRANTED.**

2.     The Clerk is directed to docket Plaintiff's First Amended Complaint (Doc. 65-1) as a separate docket entry.

**RECOMMENDED:**

1.     The Joint Motion Seeking Certification of Rule 23 Class, Preliminary Approval of Proposed Settlement, Authorization of Notice to the Settlement Class, and Setting a Final Fairness Hearing and Memorandum of Law in Support Thereof (Doc. 63) be **DENIED**.

2.     The parties be permitted to submit an Amended Motion for Approval of Proposed Settlement and an Amended Settlement Agreement.

3.     Defendant be provided up to and including fourteen (14) days after entry of an Order by the district judge the on the present Report and Recommendation to respond to Plaintiff's First Amended Complaint.

**DONE** and **ENTERED** in Fort Myers, Florida on this 21st day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record