## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MACHERIE TEAHL, on her own
behalf and others similarly situated

      Plaintiffs,

v.                                   Case No:  2:13-cv-833-FtM-38CM

THE LAZY FLAMINGO, INC.,
LAZY FLAMINGO 2, INC., LAZY
FLAMINGO 3, INC., LCT
PROPERTIES, INC., LCT
RESTAURANT PARTNERS 4,
LLC, XYZ ENTITIES 1 - 10,
LARRY THOMPSON and
RICHARD MUENCH,

      Defendants.

## REPORT AMD RECOMMENDATION[1]

    This matter comes before the Court upon review of the Joint Motion to Approve

Settlement (Doc. 72)[2] filed on August 5, 2016.  The parties provided copies of the

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of

Settlement Agreements for the Court's review.  Doc. 72-1.   The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss the action with prejudice.   Docs. 1, 72.   For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover overtime wages.   *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.   *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for overtime wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an

---

the court.

> employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.   "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.   *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).   Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute."   *Lynn's Food Store, Inc.,* 679 F.2d at 1355.

Plaintiff, Macherie Teahl, on behalf of herself and all others similarly situated,[3] brought this action against Defendants alleging that Defendants failed to pay minimum wages to servers and bartenders who worked for the Lazy Flamingo restaurant, in violation of the Fair Labor Standards Act ("FLSA"), Florida Constitution Article X Section 24, and Fla. Stat. § 448.110, the Florida Minimum Wage Act ("FMWA").[4]   Doc. 1 at 1.   Count I alleges that Defendants violated the

---

[3] Thirty other individuals have filed consents to join this lawsuit (the "Opt-in Plaintiffs").   Doc. 13 at 1 n. 1.   The Opt-in Plaintiffs are: Rebecca Antelis, Kristen Gustaafson-Apmann, Megan Baloy, Donnetta Beck, Crystel Berti, Elissa Boling, Crystal Burns, Sara Cobine, Chris Fairbanks, Deborah Fleishans, Tiffany Fortunato, Marissa Gavin, Eileen Gibbard, Colin Heard, Cydni Hodges, Meagan Johnson, Paige Klaric, Laura Laukaitis, Kelsey McKenzie, Jessica Miller, Michael Mortenson, Brittany Parsons, Janine Pirrone, Bonnie Rich, Jordan Rich, Rebekah Cramer (Schmidt), Kimberly Sutherland, Lacey Syverson, Mesha Whitney, and Shannon Williams.   *Id.*

[4] Article X Section 24 of the Florida Constitution provides that, "Employers shall pay Employees Wages no less than the Minimum Wage for all hours working in Florida."   Fla. Const. art. X, § 24.   Florida Statutes Section 448.110 provides "measures for the appropriate implementation of s. 24, Art. X of the State Constitution."   Fla. Stat. § 448.110(2).

FLSA by having "a policy and practice of forcing their servers to share tips with cooks and cooks' assistants, who are traditionally non-tipped employees." *Id.* at 12. Count II alleges violations of the FMWA, and that Defendants failed to pay full minimum wages for one or more weeks of work. *Id.* at 15. Count III requests declaratory relief pursuant to 28 U.S.C. §§ 2201-2202. *Id.* at 16.

On January 14, 2015, the Court granted provisional certification under Section 216(b) of the FLSA to the class of servers or bartenders who worked for The Lazy Flamingo restaurant, located at 1036 Periwinkle Way, Sanibel Island, Florida 33957 during the period November 26, 2008 through October 31, 2014 who were paid a tip credit wage and were required to share tips with cooks. Doc. 44. On May 14, 2015, the Court granted approval of the Proposed Notice pursuant to Section 216(b) of the FLSA (Doc. 48), and subsequently thirty-one (31) putative class members opted-in to the FLSA claim. Doc. 72 at 2.

In the proposed Settlement Agreement, Defendants agreed to pay Plaintiffs a settlement amount totaling four hundred fifteen thousand dollars ($415,000.00). Doc. 72 at 2, Doc. 72-1 at 6. The settlement provides that two hundred sixty thousand dollars ($260,000.00) be paid to Plaintiffs according to the distribution provided in Exhibit A to the Settlement Agreement (Doc. 72-1 at 19); one hundred and fifty thousand dollars ($150,000.00) be paid to Plaintiffs' counsel as attorneys' fees, costs and expenses; two thousand dollars ($2,000.00) be paid to Teahl as a service payment; and three thousand dollars ($3,000.00) be paid to Teahl as consideration for executing a general release. Docs. 72 at 2-3, 72-1 at 10.

Each party was independently represented by counsel with extensive experience in litigating claims under the FLSA, including claims for unpaid minimum wages in tip pool cases such as this one, who vigorously represented their clients' rights.  Doc. 72 at 7.  The parties submit that the complexity, expense and length of future litigation of this matter militated in favor of settlement, noting that they continued to disagree over the merits of claims asserted by Plaintiffs.  Id. at 6-7. The parties further provide that if they continued to litigate this matter, they would have had to engage in costly discovery, summary judgment briefing and a potential trial.  Id. at 8.  The parties state that to-date there has been sufficient investigation and exchange of information, data and documents to allow counsel to make an educated and informed analysis and conclusion on their clients' behalf.  Id.  The parties also note that Plaintiffs' probability of success on the merits and any amount awarded is uncertain.  Id.  The settlement amount of $260,000.00 to be paid to Plaintiffs represents back pay and liquidated damages, and the parties represent that this amount is approximately 50 percent of the back pay and liquidated damages that Plaintiffs could have recovered had they been successful on all claims.  Id. at 9. Thus, the parties propose that the settlement is a reasonable means for both parties to minimize future risks and loses.  Id. at 8-9.

Based on the Court's review of the settlement agreements, the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute.  Other courts in this district similarly have approved settlements for a

compromised amount in light of the stipulation of the parties, strength of the defenses and the expense and length of continued litigation, as the parties have recognized here.   *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), *report and recommendation adopted*, No. 6:10-CV-1302-ORL-22, 2011 WL 3166211 (M.D. Fla. July 27, 2011)*; see also* *Dorismond*, 2014 WL 2861483; *Helms*, 2006 WL 3858491.

As part of the settlement, Defendants further agree to pay Plaintiffs' attorneys' fees and costs in the amount of $150,000.00.   Doc. 72 at 3.   The parties state the amount of attorneys' fees and costs is reasonable, given the length of time the case has been litigated (approximately 29 months), the complexity of the case and the extensive briefing that was required on a number of topics.   *Id.*   The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' recovery. *Id.* at 3-4.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).   Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs.   Doc. 72 at 3-4.

The settlement also includes two additional payments to the named Plaintiff, Macherie Teahl, which the parties state are warranted and proper in this case.   Doc. 72 at 12.   First, under the settlement Teahl will receive an incentive or service payment of $2,000.00 for her time spent as lead plaintiff in this case.   *Id.*   Teahl spent many hours assisting and communicating with counsel, completed court interrogatories and attended a lengthy mediation.   *Id.*   This Court previously has approved the use of incentive payments for named plaintiffs in FLSA cases.   *See* e.g., *Heath v. Hard Rock Cafe Intern. (STP), Inc.,* 2011 WL 5877506, *4 (M.D. Fla. Oct. 28, 2011)* (approving $1,000 incentive payment for lead plaintiff); *see also Su v. Electronic Arts, Inc.,* 2006 WL 4792780, * 5 (M.D. Fla. Aug. 29, 2006) (approving incentive payment of $10,000).   Similarly here, the Court finds the $2,000.00 incentive payment to Ms. Teahl to be reasonable.

Second, the settlement provides that Teahl will receive $3,000.00 in consideration for executing a general release.   Doc. 72 at 12; Doc. 72-1 at 21-22.   The Opt-in Plaintiffs are not required to execute a general release; they only are releasing their wage claims arising from this action.   Doc. 72 at 12 n.6.   Although in FLSA cases, general releases typically are disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer," *Moreno v. Regions Bank,* 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010),

courts within this district, including this Court, have approved general releases in FLSA cases when the plaintiff receives compensation or other consideration that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. *See e.g., Martini v. Bridgewater Inn of Matlacha, LLC*, No. 2:15-CV-658-FTM-38CM, 2016 WL 3556803, at *2 (M.D. Fla. June 9, 2016), report and recommendation adopted sub nom. *Martini v. Bridgewater Inn of Matlacha*, No. 2:15-CV-658-FTM-38CM, 2016 WL 3459436 (M.D. Fla. June 24, 2016); *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (approving a settlement agreement that contained a general release and non-disparagement agreement because they were exchanged by a separate payment in addition to the sum the employee would receive from the FLSA settlement); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015) (approving a settlement agreement that contained a general release because it was exchanged by a mutual general release and a neutral reference by employer).  Here, because the general release to be executed by Teahl is supported by independent consideration and the consideration to be paid to her in support of the release does not affect and is separate from the recovery to each of the Opt-in Plaintiffs, it does not render the settlement unfair or unreasonable.  Thus, having reviewed the settlement agreements (Doc. 72-1), the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.      The Joint Motion to Approve Settlement (Doc. 72) be **GRANTED** and the

Settlement Agreements (Doc. 72-1) be **APPROVED**; and

2.      The Court enter an Order adopting the Report and Recommendation

and dismissing the case with prejudice.

**DONE** and **ENTERED** in Fort Myers, Florida on this 31st day of August, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record